IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JESUS HERRERA, Individually and as Personal Representative of the Estate of GLORIA HERRERA, Deceased, )<br>Plaintiff, )<br>v. )<br>FORD MOTOR COMPANY, and )<br>WEBB FORD, INC. )<br>Defendant. ) | NO. | 2:05-CV-009 PS |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jesus Herrera's Motion for Remand. [Doc. 6]. Because we find that Herrera did not fraudulently join Defendant Webb Ford, Inc., Defendant Ford Motor Company cannot remove this matter pursuant to 28. U.S.C. § 1446. Herrera's Motion for Remand is, therefore, GRANTED.

**BACKGROUND**

On February 22, 2001, Jesus Herrera filed a lawsuit in Lake County Circuit Court against Ford Motor Company ("Ford") and Webb Ford, Inc. ("Webb"), an authorized Ford dealership, asserting various legal theories all arising out of the February 22, 1999 crash of their Ford Explorer which injured Jesus Herrera and killed Gloria Herrera. Specifically, Herrera claimed:

1)  that the crash was the result of the unreasonably dangerous and defective condition of the Ford Explorer;

2)  that Ford and Webb were negligent in the manufacture, sale, marketing, and service of the Ford Explorer; and

3)  that Ford and Webb failed to use reasonable care to warn the Herreras of defects which could affect the safe operation of the vehicle.

On April 5, 2001, Ford filed its first Notice of Removal to this Court based on diversity

jurisdiction. Herrera (and, thus, the estate of Gloria Herrera) are citizens of Indiana; Ford is a citizen of Delaware and Michigan; and Webb is a citizen of Indiana. Ford argued that Webb, the only nondiverse defendant, was fraudulently joined and, therefore, should be disregarded for purposes of a diversity jurisdiction analysis. Webb concurrently filed a motion to dismiss.

On July 16, 2001, Judge Rudy Lozano entered an order remanding the matter to the Lake County Circuit Court (hereinafter the "Lozano Order"). Judge Lozano undertook a detailed analysis of Herrera's claims against Webb and, ultimately, concluded that Herrera did not fraudulently join Webb because "there is a reasonable possibility that Herrera could prevail against [Webb] on his claim that Webb failed to warn the Herreras of defects in their Explorer despite its actual knowledge of those defects . . ." (Lozano Order at 9, 14). Judge Lozano, thus, declined to rule on Webb's motion to dismiss based on the District Court's lack of subject matter jurisdiction. (*Id*. at 15).

Webb did not pursue its motion to dismiss in the Lake County Court. Instead, the case went forward against both Webb and Ford. Eventually, Ford moved for summary judgment (which was joined by Webb) on May 16, 2002 – 14 months after the commencement of the lawsuit. At oral argument, on December 13, 2004, Herrera opposed Ford's motion for summary judgment, but not Webb's. Accordingly, the Lake County Court denied Ford's motion, but entered judgment in favor of Webb. The Lake County Court issued its written order dismissing Webb on December 29, 2004. Thus, on January 7, 2005, Ford filed its second Notice of Removal which forms the subject of the current motion for remand.

In its response to the Motion to Remand, Ford repeatedly alleges that no discovery was taken against Webb Ford, and this proves that Webb was a sham defendant. (*See*, *e.g.*, Ford's Resp. at 7-8. Indeed, Ford claims that Plaintiff "did absolutely nothing to . . . advance a claim against Webb Ford." *Id*. But this is demonstrably false. As part of his reply in support of this

motion, Herrera submitted a letter dated April 5, 2002, addressed to James M. Buchholz – the attorney for Webb – that requests compliance with discovery propounded upon Webb. The letter was copied to Ford's counsel. Thus, it seems clear that at least some discovery *was* taken against Webb Ford.

## DISCUSSION

28 U.S.C. § 1446 allows for removal of actions which could not be removed to federal court as originally plead. However, removal under this section is not without limitation. First, the statute itself contains a one-year limitations for actions removed on the basis of diversity jurisdiction. *Id*. Second, an action is removable on the basis of diversity jurisdiction – subject to the one year limitation – only if the plaintiff voluntarily dismisses the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F. 2d 69, 71 (7th Cir. 1992).

Ford does not dispute that its second removal attempt is beyond the one-year limitation period set forth in § 1446. Instead, Ford urges this Court to create an exception to the limitation consistent with what the Fifth Circuit did in *Tedford v. Warner-Lambert Co*., 327 F.3d 423 (5th Cir. 2003). In that case, the Court allowed a defendant to remove a case after the running of the one-year limitations period where the non-diverse defendant was fraudulently joined. *Id*. at 428-29. Although not specifically endorsed by the Seventh Circuit, at least one district court in this circuit has applied the *Tedford* exception to allow § 1446 removal on diversity grounds more than one-year after the commencement of the action. *Kite v. Richard Wolf Med. Invest.*, 761 F. Supp. 597 (S.D. Ind. 1989). Thus, Ford asks this Court to revisit the fraudulent joinder issue to allow Ford out from under the one-year limitation.

As discussed above, this is not the first time that Ford attempted to remove this action nor is it the first time that Ford has claimed that Webb was fraudulently joined. Originally, Ford claimed that Herrera had no chance of success against the in-state defendant. Judge Lozano

considered Ford's argument and rejected it after conducting a detailed review of Herrera's claims. Ford did not claim that Herrera's pleadings relating to jurisdiction were, themselves, fraudulent.

Here, once again, Ford does not claim that Herrera made false allegations of jurisdictional fact in the complaint itself.  Nor does Ford argue that Herrera could not succeed in his claim against Webb.  Instead, Ford asserts that Herrera's conduct in the state court proceeding indicates that Herrera never intended to pursue it's claim against Webb, but joined Webb purely for the purposes of defeating diversity jurisdiction – just like the plaintiffs in *Tedford* and *Kite*.

In *Tedford*, the plaintiff initially filed a claim against defendant Warner-Lambert and a non-diverse defendant.  *Tedford*, 327 F.3d at 424.  Following a successful motion to sever separating the plaintiff's claims against Warner-Lambert and the claims against the non-diverse defendant, Warner-Lambert's counsel made a courtesy call to the plaintiff notifying her of his intent to remove the action to federal court.  *Id*. at 425.  A mere three hours later, the plaintiff amended her claim to include a different non-diverse defendant.  *Id*.  Within a year after successfully avoiding Warner-Lambert's first removal, and without taking any discovery from him, the plaintiff voluntarily dismissed the non-diverse defendant.  *Id*.  However, she did not inform Warner-Lambert of non-suit until after the expiration of the one-year limitation period.  *Id*. Warner-Lambert then filed its second notice of removal and opposed the plaintiff's motion for remand.  Ultimately, the Fifth Circuit affirmed the District Court's determination that equity required an extension of the one-year period based on the plaintiff's obvious forum manipulation. *Id*. at 428.

In *Kite*, the defendant properly removed the plaintiff's suit based on diversity jurisdiction. *Kite*, 761 F. Supp. at 599.  Some six months later, the plaintiff amended his complaint to add a non-diverse defendant and moved that the case be remanded to state court.  *Id*.  Three years after his successful remand, the plaintiff stipulated to the dismissal of the non-diverse defendant with

prejudice.  *Id*.  Ultimately, the District Court denied the plaintiff's second motion for remand notice that a more  mechanical application of the one-year limitation period would encourage plaintiffs to add non-diverse defendants for brief period of time solely to avoid federal diversity jurisdiction.  *Id*. at 601.

We need not decide whether the one year limitation in §1446(b) means what it says.  This is because the equitable tolling doctrine discussed in *Tedford* that allows the one year period to be tolled when a party takes extraordinary steps to manipulate the forum simply does not apply in this case.  Herrera's actions do not rise to the level of obvious forum manipulation present in *Tedford* and *Kite*.  Here, unlike in *Kite* and *Tedford*, Herrera included Webb in the lawsuit from the very inception.   When Ford attempted to remove the action to federal court, Judge Lozano remanded the action, holding that Herrera did not fraudulently join Webb because there was a viable cause of action against Webb and therefore a chance that Herrera could succeed in his claim against Webb.   Once remanded, despite Ford's claims to the contrary, Herrera conducted some discovery as to Webb.

Moreover, Webb originally filed a motion to dismiss in federal court but Judge Lozano remanded the case without deciding the motion to dismiss. Webb did not renew that motion in state court. Consequently, the case moved forward in state court and the one year limitation period for removal elapsed.  In the meantime, Webb participated in the lawsuit and then joined Ford's Motion for Summary Judgment – a motion that was not filed until 14 months after the filing of the case. Although Herrera did not oppose Webb's motion for summary judgment, we note that Herrera did not enter into a stipulation of dismissal or voluntarily dismiss Webb.

In sum, Judge Lozano originally concluded that Herrera did not fraudulently join Webb.  Herrera's actions since the date of the Lozano Order do not smack of the type of forum manipulation present in *Tedford* and *Kite*.  Accordingly, we find that Herrera cannot avoid the

one-year limitation present in § 1446 and, therefore, this Court does not have jurisdiction over Herrera's claims.[1]

## CONCLUSION

It is therefore **ORDERED** that this case is **REMANDED** back to the Lake Superior Court, Room Number Seven.  The clerk shall treat this civil action as **TERMINATED**.  All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED:  April 19, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Herrera also requested an award of attorney's fees for having to move to remand this case a second time.  Although, we ultimately agree with Herrera and are remanding this case to state court,  we also find that Ford's removal was made in good faith and not for the purpose of delay especially in light of *Tedford*.  Consequently, Herrera's request for attorney's fees is **DENIED**.